UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
JOHN JOSEPH BENGIS, an individual,                               :
                                                                 :
                                Plaintiff,                       :   08 CV 4237 (JSR)
                                                                 :
                v.                                               :
                                                                 :   ECF CASE
RICHARD MOSS, ESQ., an individual, and                           :
KRAMER LEVIN NAFTALIS & FRANKEL LLP,                             :
                                                                 :
                                Defendants.                      :
---------------------------------------------------------------- x

DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS

Table of Contents

Page

Table of Authorities ...................................................................................................................... ii

Preliminary Statement .................................................................................................................... 1

**STATEMENT OF THE CASE** ................................................................................................... 2

      Defendants' Representation of Bengis ............................................................................... 2

      Bengis's Claims .................................................................................................................. 3

**ARGUMENT** ................................................................................................................................ 4

Point 1.    BENGIS'S "NEGLIGENCE/LEGAL MALPRACTICE" CLAIM IS
             UNTIMELY ........................................................................................................ 4

Point 2.    BENGIS'S OTHER CLAIMS, WHICH ALSO SOUND IN MALPRACTICE,
             ARE LIKEWISE UNTIMELY ........................................................................... 5

      A.    The Negligent Misrepresentation Claim Is Time-Barred ................................. 7

      B.    The Breach of Contract and Breach of Representations and Warranties
           Claims Are Also Time-Barred .......................................................................... 8

Conclusion ...................................................................................................................................... 9


# TABLE OF AUTHORITIES

## CASES

*Between the Bread Realty Corp. v. Salans Hertzfeld Heilbronn Christy & Viener*,
290 A.D.2d 380, 380, 736 N.Y.S.2d 666, 667-68 (1st Dep't), *appeal denied*,
98 N.Y.2d 603, 745 N.Y.S.2d 502 (2002) .................................................................................5

*Cantor Fitzgerald Inc. v. Lutnick*,
313 F.3d 704, 709 (2d Cir. 2002) ..............................................................................................4

*Chase Scientific Research v. NIA Group, Inc.*,
96 N.Y.2d 20, 25, 725 N.Y.S.2d 592, 594-95 (2001) ...............................................................4

*De Carlo v. Ratner*,
204 F. Supp. 2d 630, 635 (S.D.N.Y. 2002) ...............................................................................4

*Garten v. Shearman & Sterling LLP*,
No. 3778, 112114/07, 2008 N.Y. App. Div. LEXIS 4777, at *2-3
(1st Dep't June 3, 2008) ............................................................................................................8

*HSBC Bank USA v. Bond, Schoeneck & King, PLLC*,
838 N.Y.S.2d 419, 435 (Sup. Ct. Erie County 2007) ................................................................7

*Kliment v. McKinsey & Co.*,
3 N.Y.3d 538, 541, 788 N.Y.S.2d 648, 649-50 (2004) .............................................................6

*Levine v. Lacher & Lovell-Taylor*,
256 A.D.2d 147, 151, 681 N.Y.S.2d 503, 506 (1st Dep't 1998) ...............................................5

*Malmsteen v. Berdon, LLP*,
477 F. Supp. 2d 655, 661 (S.D.N.Y. 2007) ...............................................................................6

*Mecca v. Shang*,
258 A.D.2d 569, 570, 685 N.Y.S.2d 458, 460 (2d Dep't 1999) ................................................7

*Merlin Biomed Asset Mgmt., LLC v. Wolf Block Schoor & Solis-Cohen LLP*,
No. 111048/2002, 2004 N.Y. Misc. LEXIS 2050, at *9
(Sup. Ct. N.Y. County Oct. 22, 2004) .......................................................................................8

*New York v. Cortelle Corp.*,
38 N.Y.2d 83, 86, 378 N.Y.S.2d 654, 656 (1975) ....................................................................6

*Sage Realty Corp. v. Proskauer Rose L.L.P.*,
251 A.D.2d 35, 38-39, 675 N.Y.S.2d 14, 17-18 (1st Dep't 1998) ............................................7

*Santulli v. Englert, Reilly & McHugh, P.C.*,
    78 N.Y.2d 700, 707-09, 579 N.Y.S.2d 324, 327-29 (1992) .................................................... 6

*Senise v. Mackasek*,
    227 A.D.2d 184, 185, 642 N.Y.S.2d 241, 242 (1st Dep't 1996) ............................................ 8

*Serova v. Teplen*,
    No. 05-CIV-6748 (HB), 2006 U.S. Dist. LEXIS 5781, at *12-13
    (S.D.N.Y. Feb. 16, 2006) .................................................................................................... 7

*Shumsky v. Eisenstein*,
    96 N.Y.2d 164, 166, 726 N.Y.S.2d 365, 367 (2001) ........................................................... 4

*6645 Owners Corp. v. GMO Realty Corp.*,
    306 A.D.2d 97, 97, 762 N.Y.S.2d 60, 61 (1st Dep't 2003) .................................................. 8

## LEGISLATIVE HISTORY

Revised Memorandum of Assemblyman David S. Sidikman, Bill Jacket, ch. 623 of 1996,
*reprinted in* WL Bill Jacket, 1996 SB 7590 ch. 623 ............................................................... 6

## STATUTES

28 U.S.C. § 1338(a) ..................................................................................................................... 4

CPLR § 214.6 .................................................................................................................... Passim

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JOHN JOSEPH BENGIS, an individual, :
:
                      Plaintiff, : 08 CV 4237 (JSR)
    v. :
: ECF CASE
RICHARD MOSS, ESQ., an individual, and :
KRAMER LEVIN NAFTALIS & FRANKEL LLP, :
:
                    Defendants. :
------------------------------------------------------------ x

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants Richard Moss ("Moss") and Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") respectfully submit this Memorandum of Law in support of their motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint in this action on the ground that its four claims for relief are barred by the applicable three-year statute of limitations provided by New York Civil Practice Law and Rules § 214.6. Also submitted in support of the motion is the Declaration of Thomas H. Moreland, Esq., dated June 13, 2008, which attaches as Exhibit A the Complaint in this action, filed May 5, 2008 ("Compl.").

### Preliminary Statement

Plaintiff John Bengis ("Bengis") seeks to recover damages from his former attorneys for their allegedly deficient legal service in connection with a patent application filed in 2000 and granted by the U.S. Patent and Trademark Office ("PTO") in 2002. Bengis alleges that he discovered in 2007 that his patent was invalid, and blames defendants for not conducting a "proper and thorough" patent search prior to filing the patent application. (Compl. ¶¶ 27, 31.) Bengis further alleges that a competent search would have uncovered the prior art which later was allegedly shown to invalidate his patent. (Compl. ¶ 31.) Bengis asserts that absent

defendants' assurances that his invention was patentable, he would have avoided the expenses he subsequently incurred in the belief that his patent was valid. (Compl. ¶¶ 19-20, 38.)

Based on the same alleged facts and seeking the same damages, Bengis asserts claims on four theories: negligence/legal malpractice, breach of contract, negligent misrepresentation, and breach of representations and warranties. None of these claims are timely. Regardless of their labels, all four claims are based on the same conduct alleged to constitute malpractice, and thus are subject to and fail by reason of the three-year statute of limitations applicable to malpractice claims under CPLR § 214.6. Because any malpractice claim accrued no later than September 17, 2002, the date on which Bengis's patent was issued, the statute of limitations expired not later than September 17, 2005. Accordingly, the Complaint should be dismissed.

## STATEMENT OF THE CASE

Strictly for the purposes of this motion to dismiss, defendants assume the truth of the non-conclusory allegations of the Complaint.[1]

### Defendants' Representation of Bengis

In 1999, Bengis developed a cosmetic container with interchangeable attachments. (Compl. ¶¶ 9-12.) Bengis retained Moss and his firm, defendant Kramer Levin, sometime in 2000 or 2001 "for the purpose of conducting a patent search, determining the patentability of the cosmetic container, receiving an opinion regarding such patentability, and if warranted, filing an application with the PTO seeking a patent covering the Cosmetic Container." (Compl. ¶¶ 12-13.) After Moss allegedly provided a patentability opinion that the cosmetic container was novel and non-obvious, Bengis authorized Moss to file an application with the PTO, and he did so on

---

[1] Should this matter proceed on the merits, defendants would vigorously contest many of the allegations in the Complaint, and maintain that their services were not deficient in any respect.

July 31, 2000. (Compl. ¶¶ 15-17.) On September 17, 2002, the PTO issued a patent directed to Bengis's container, U.S. Patent No. 6,450,179 (the "'179 Patent"). (Compl. ¶ 21.)

In 2004, Bengis unsuccessfully negotiated with a potential licensee of the patented container, World Wide Packaging, Inc. ("World Wide"), and then sued World Wide for infringing the '179 Patent by marketing a cosmetic device that was "virtually identical to the Cosmetic Container in the '179 [P]atent." (Compl. ¶¶ 22-26.) In 2007, during the time of the litigation with World Wide, "it was shown for the very first time that the '179 Patent was invalid and unenforceable" in view of two patents that had been issued prior to the '179 Patent application (the "Prior References"). (Compl. ¶¶ 27-28.)

<u>Bengis's Claims</u>

Bengis bases all four of his claims on defendants' alleged failure to conduct a "proper and thorough" patent search prior to the filing of the application for the '179 Patent. Bengis asserts in his "negligence/legal malpractice" claim (first claim for relief) that defendants violated the duty "owed [to] Bengis . . . to exercise the reasonable skill and common knowledge expected for the legal profession" by "fail[ing] to conduct a thorough and proper patent search." (Compl. ¶¶ 35-36.) Bengis's negligent misrepresentation claim (second claim for relief) is premised on the same alleged failure, contrary to defendants' representations that they "could and would perform a proper patent search and based thereon properly prosecute the '179 Patent application[, that] they were highly competent in conducting patent searches and in practicing before the PTO, and that they were well versed in PTO regulations and procedures." (Compl. ¶ 43.) Finally, Bengis's claims for breach of contract (third claim for relief) and breach of representations and warranties (fourth claim for relief) merely incorporate by reference all previous allegations and assert that defendants' conduct "constitutes" breach of contract (Compl. ¶¶ 49-50) and breach of representations and warranties (Compl. ¶¶ 52-53).

3

On all claims, Bengis alleges damages "in excess of $500,000" for wasted attorney's fees in the World Wide litigation, loss of royalties on the '179 Patent, and "attorneys' fees and expenses incurred to remedy [d]efendants' malpractice and negligence." (Compl. ¶¶ 37, 46, 51, 54.)

## ARGUMENT

Bengis predicates jurisdiction on 28 U.S.C. § 1338(a), asserting that proof of patent invalidity "is a necessary element of Bengis's Legal Malpractice Actions set forth herein below." (Compl. ¶ 6.) However, because each of Bengis's claims is based on state law, the New York statute of limitations governs the timeliness of his claims. *See Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704, 709 (2d Cir. 2002). Pursuant to CPLR § 214.6, the statute of limitations for all non-medical professional malpractice is three years "regardless of whether the underlying theory is based in contract or tort." *See, e.g., Chase Scientific Research v. NIA Group, Inc.*, 96 N.Y.2d 20, 25, 725 N.Y.S.2d 592, 594-95 (2001).

### Point 1.

### BENGIS'S "NEGLIGENCE/LEGAL MALPRACTICE" CLAIM IS UNTIMELY

In his first claim for relief, Bengis accuses the defendants of legal malpractice. (Compl. ¶¶ 32-39.) This claim fails because the statute of limitations expired no later than September 17, 2005, well over two years before this action was filed.

An action to recover damages for legal malpractice accrues when the malpractice is committed. *See, e.g., Shumsky v. Eisenstein*, 96 N.Y.2d 164, 166, 726 N.Y.S.2d 365, 367 (2001); *De Carlo v. Ratner*, 204 F. Supp. 2d 630, 635 (S.D.N.Y. 2002) ("Such an action accrues not when the plaintiff discovers the legal malpractice, but when the malpractice is committed."). Thus, it is irrelevant that Bengis asserts he did not discover defendants' alleged malpractice until 2007. (Compl. ¶ 27.) The relevant question is when did the alleged malpractice occur.

4

Bengis alleges only that defendants "failed to conduct a thorough and proper patent search" and as a result "failed to disclose [the Prior References] either to Bengis or to the [PTO] during the prosecution of the '179 patent application." (Compl. ¶ 36.)

Bengis does not allege any conduct by defendants after September 17, 2002, the date the patent was issued. (*See* Compl. ¶¶ 18-21.) Accordingly, any malpractice by defendants occurred prior to September 17, 2002, and thus the statute of limitations expired not later than September 17, 2005. Accordingly, Bengis's malpractice claim, not filed until May 5, 2008, should be dismissed.

Point 2.

### BENGIS'S OTHER CLAIMS, WHICH ALSO SOUND IN MALPRACTICE, ARE LIKEWISE UNTIMELY

Bengis also brings claims for negligent misrepresentation (second claim for relief), breach of contract (third claim for relief), and breach of representations and warranties (fourth claim for relief), based on the same alleged conduct that underlies his "negligence/legal malpractice" claim. Bengis cannot circumvent the three-year statute of limitations under CPLR § 214.6 simply by applying different labels to his claims. All of these claims sound in malpractice, and all thus fail together as untimely for the same reasons discussed above. *See Between the Bread Realty Corp. v. Salans Hertzfeld Heilbronn Christy & Viener*, 290 A.D.2d 380, 380, 736 N.Y.S.2d 666, 667-68 (1st Dep't), *appeal denied*, 98 N.Y.2d 603, 745 N.Y.S.2d 502 (2002); *Levine v. Lacher & Lovell-Taylor*, 256 A.D.2d 147, 151, 681 N.Y.S.2d 503, 506 (1st Dep't 1998).

The plain language of CPLR § 214.6 and its legislative history make clear that a plaintiff cannot avoid the three-year statute of limitations by disguising a malpractice claim as a breach of contract or tort claim. CPLR § 214.6 expressly states that the three-year limitations period for

non-medical malpractice applies "regardless of whether the underlying theory is based in contract or tort."

The "regardless" clause of CPLR § 214.6 was enacted in 1996 to reverse the results of a series of decisions holding that a malpractice claim pleaded as a breach of contract may claim the benefit of the six-year statute of limitations applicable to breach of contract claims. *See, e.g., Santulli v. Englert, Reilly & McHugh, P.C.*, 78 N.Y.2d 700, 707-09, 579 N.Y.S.2d 324, 327-29 (1992). This 1996 amendment clarified that the three-year limitation of CPLR § 214.6 applied to all malpractice actions against non-medical professionals, whether based in contract or tort. *See Kliment v. McKinsey & Co.*, 3 N.Y.3d 538, 541, 788 N.Y.S.2d 648, 649-50 (2004) (quoting Revised Memorandum of Assemblyman David S. Sidikman, Bill Jacket, ch. 623 of 1996, *reprinted in* WL NY BILL JACKET, 1996 SB 7590, ch. 623 ("Revised Mem.")). Thus, where the underlying complaint sounds in malpractice, the three-year professional malpractice statute of limitations applies, regardless of the label applied to it. *Id.* at 541-42, 788 N.Y.S.2d at 650; *see Malmsteen v. Berdon, LLP*, 477 F. Supp. 2d 655, 661 (S.D.N.Y. 2007) ("New York courts have, since the 1996 amendments, applied the three-year statute of limitations to bar any claims that they found duplicative or incidental to a claim of malpractice.") (collecting cases).

The pertinent inquiry, then, is "whether the claim is essentially a malpractice claim." *Kliment*, 3 N.Y.3d at 542, 788 N.Y.S.2d at 650; *see New York v. Cortelle Corp.*, 38 N.Y.2d 83, 86, 378 N.Y.S.2d 654, 656 (1975) ("In applying a statute of limitations[, courts] look to the essence of plaintiff's claim and not to the form in which it is pleaded . . . ."). A claim sounds in malpractice when it alleges that the professional failed to utilize reasonable care or was responsible for acts of omission or negligence. *See Kliment*, 3 N.Y.3d at 541-42, 788 N.Y.S.2d at 650 (quoting Revised Mem.).

6

Bengis's second, third and fourth claims for relief all meet this definition. They are malpractice claims, asserting in various words that defendants omitted to conduct a patent search, or negligently failed to conduct a proper and thorough patent search, thereby failing to meet professional standards. *See, e.g., Mecca v. Shang*, 258 A.D.2d 569, 570, 685 N.Y.S.2d 458, 460 (2d Dep't 1999) (dismissing plaintiff's breach of fiduciary duty and fraud claims "since they arise from the same facts as his legal malpractice claim and do not allege distinct damages"). Therefore, all of Bengis's claims are time-barred under the three-year statute of limitations provided by CPLR § 214.6.

A. <u>The Negligent Misrepresentation Claim Is Time-Barred</u>

Bengis's negligent misrepresentation claim is based on the same alleged facts as underlie his malpractice claim. The crux of both claims is defendants' alleged failure to conduct a "proper" patent search. (*See* Compl. ¶¶ 36, 43.)

New York courts have consistently dismissed as redundant negligent misrepresentation claims based on "the same operative facts as [a] malpractice claim." *Serova v. Teplen*, No. 05-CIV-6748 (HB), 2006 U.S. Dist. LEXIS 5781, at *12-13 (S.D.N.Y. Feb. 16, 2006); *see also Mecca*, 258 A.D.2d at 570, 685 N.Y.S.2d at 460; *Sage Realty Corp. v. Proskauer Rose L.L.P.*, 251 A.D.2d 35, 38-39, 675 N.Y.S.2d 14, 17-18 (1st Dep't 1998); *HSBC Bank USA v. Bond, Schoeneck & King, PLLC*, 838 N.Y.S.2d 419, 435 (Sup. Ct. Erie County 2007) (noting that the three-year statute of limitations under CPLR § 214.6 governs a negligent misrepresentation claim that in its "essence" sounds in legal malpractice).

Bengis's allegation that defendants represented that they "could and would perform a proper patent search" (Compl. ¶ 43) cannot obscure the malpractice nature of this claim. The claim that an attorney promised to do a competent job adds nothing to the claim that the attorney failed to do a competent job, at least for purposes of applying the CPLR § 214.6 statute of

7

limitations. Accordingly, the negligent misrepresentation claim should be dismissed under CPLR § 214.6.

      B.    The Breach of Contract and Breach of Representations and Warranties Claims Are Also Time-Barred

Bengis also bases his breach of contract and breach of representations and warranties claims on the same factual allegations as his other claims. Indeed, Bengis does no more than incorporate by reference all his previous allegations in the Complaint and declare that defendants' conduct "constitutes" a breach of contract (Compl. ¶¶ 49-51) and a breach of representations and warranties (Compl. ¶¶ 52-54).

A breach of contract claim which claims only "a breach of general professional standards" is redundant of a malpractice claim and should be dismissed. *Senise v. Mackasek*, 227 A.D.2d 184, 185, 642 N.Y.S.2d 241, 242 (1st Dep't 1996). *See, e.g., Garten v. Shearman & Sterling LLP*, No. 3778, 112114/07, 2008 N.Y. App. Div. LEXIS 4777, at *2-3 (1st Dep't June 3, 2008); *6645 Owners Corp. v. GMO Realty Corp.*, 306 A.D.2d 97, 97, 762 N.Y.S.2d 60, 61 (1st Dep't 2003); *Merlin Biomed Asset Mgmt., LLC v. Wolf Block Schoor & Solis-Cohen LLP*, No. 111048/2002, 2004 N.Y. Misc. LEXIS 2050, at *9 (Sup. Ct. N.Y. County Oct. 22, 2004) (finding breach of contract claim based on defendant law firm's promise to provide reasonably competent legal services "duplicative of and subsumed by plaintiffs' malpractice claims").

The third and fourth claims for relief in the instant case, which merely incorporate by reference Bengis's prior allegations, do no more than apply different labels to the same underlying malpractice claim and seek the same damages. (*See* Compl. ¶¶ 37, 51, 54.) Accordingly, Bengis's third and fourth claims for relief are barred by the three-year statute of limitations of CPLR § 214.6.

8

<u>Conclusion</u>

For the foregoing reasons, defendants respectfully request that the Court dismiss the Complaint with prejudice.

Dated: New York, New York
       June 13, 2008

Respectfully submitted,

Kramer Levin Naftalis & Frankel LLP

By: <u>/s/ Thomas H. Moreland</u>
    Thomas H. Moreland (TM-3927)

1177 Avenue of the Americas
New York, New York  10036
(212) 715-9100

Attorneys for Defendants