**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JOHN JOSEPH BENGIS, an individual,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**RICHARD MOSS, ESQ., an individual, and KRAMER LEVIN NAFTALIS & FRANKEL LLP a Limited Liability Partnership**<br><br>    **Defendants** | **Case No. 08-CV-04237 (JSR)**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF JOHN JOSEPH BENGIS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

## PRELIMINARY STATEMENT

Plaintiff John Joseph Bengis (herein after referred to as "<u>Mr. Bengis</u>"), by and through his undersigned attorneys, hereby submits the present Memorandum of Law in Opposition to Defendants' Motion to Dismiss and respectfully requests that the Court deny Defendants' Motion in its totality because, as set forth herein below, Mr. Bengis' Complaint is timely and therefore not barred by the Statute of Limitations, i.e. McKinney's CPLR § 214.

## SUMMARY OF ARGUMENT

A cause of action does not accrue and an actionable injury has not been suffered, until such time as all of the facts necessary to the cause of action have occurred and an injured party can plead a *prima facie* case sufficient to obtain relief in court; not when the alleged malpractice occurs. Thus, a cause of action for legal malpractice can accrue and be properly pleaded, only at the exact time that all facts relevant and material to all of its elements, including the "damages" element, can be alleged truthfully and with certainty. It was not until December 2007, that Mr. Bengis could allege, truthfully and with certainty, all of the facts relevant and material to all of the elements of an action for legal malpractice against Defendants. Since the period of time

between December 2007 and the date that Mr. Bengis' Complaint was filed with this Court is only a few months, and not more than three years,  Mr. Bengis' cause of action for legal malpractice is timely and cannot be barred under the Statute of Limitations.

## STATEMENT OF FACTS

On or about the year 2000, Mr. Bengis retained defendants for the purpose of conducting a patent search in connection with an invention Mr. Bengis had reduced to practice at that time, determining the patentability of Mr. Bengis' invention, receiving an opinion regarding such patentability,  and if warranted, filing an application with the United States Patent and Trademark Office (hereinafter "USPTO") seeking a patent covering Mr. Bengis' invention (Bengis Aff.¶ 8).       During the conducting of such patent search, Defendants failed to produce two very important patents, *i.e.*, Swiss Letters Patent No. 623,467 and U.S. Letters Patent No. 2,724,849 (hereinafter collectively referred to as "the Patents") (Bengis Aff.¶ 19).  The Patents were very important because they contain information that is both relevant and material to Mr. Bengis' invention and the possible patenting of same. Id  As a result, when Defendants provided a patentability opinion for Mr. Bengis' invention, *i.e.* that it was novel and unobvious, they did not consider all of the prior art available to Defendants at the time of the rendering of their opinion (Bengis Aff.¶ 10).

Mr. Bengis relied on Defendants' representations that the invention was novel, unobvious and patentable, and based on such reliance Mr. Bengis authorized Defendants to file an application with the United States Patent & Trademark Office (hereinafter "USPTO") seeking a patent covering Mr. Bengis' invention (Bengis Aff.¶ 11).

Thus, on July 31, 2000, Defendants filed an application for Mr. Bengis' invention (Bengis Aff.¶ 12), and on September 17, 2002, despite Defendants' omission to bring the Patents to the USPTO's attention, the USPTO issued U.S. Patent No. 6,450,179 covering Mr. Bengis'

invention (hereinafter "the '179 patent") (Comp. Ex 2).  Had the Defendants brought the Patents to the attention of the USPTO before the '179 patent issued, it is more likely than not that the '179 patent would not have issued (Bengis Aff.¶ 19).  Further, since the USPTO did in fact go ahead and issue the '179 patent, at least until up to 2002, Mr. Bengis had suffered no injury and no actual damages as a result of Defendants' failure to discover the Patents during their prior art search, and their omission of the Patents during  the securing of the '179 patent; quite the contrary.  By 2002, one could argue that  Mr. Bengis had received a benefit, i.e the '179 patent, as a result of Defendants' omission (Bengis Aff.¶ 16).

On or about 2003, Mr. Bengis ended his relationship with the Defendants (Bengis Aff.¶ 17).  By that time, Mr. Bengis had still not received any injury or suffered any actual damages.

On November 29, 2004, Bengis filed suit against World Wide Packaging, Inc. in the United States District Court for the Eastern District of New York, Civil Action No. 04-5354 (hereinafter the "World Wide Litigation") alleging among other things, their infringement of the '179 patent.  However, tt was not until December 2007,  that World Wide Packaging showed for the very first time that, more likely than not, the '179 patent was  invalid and unenforceable on the basis of the Patents.  Patents that should have been brought up by Defendants' patent search, if Defendants had exercised the ordinary skill and knowledge commonly possessed by patent attorneys; and should have been brought to the attention of the USPTO during the securing of the '179 patent (Bengis Aff.¶ 19).

As a result of the Patents brought forward by World Wide Packaging Inc. in December 2007, Mr. Bengis' right to prevent others from making using or selling his invention as embodied in the '179 patent was abruptly ended (Bengis Aff.¶ 25).  Accordingly it was in December 2007 that  Mr. Bengis suffered, for the very first time damages that are  actual in nature and not speculative (Bengis Aff.¶ 26).  Thus,  it was not until December 2007, that Mr. Bengis had  all of the facts necessary to plead a *prima facie* cause of action for legal malpractice

against the Defendants; could truthfully allege facts in connection with all of the elements of legal malpractice in his complaint; and suffered an actionable injury sufficient to accrue a cause of action.

Since Mr. Bengis' cause of action for legal malpractice against Defendants accrued in December 2007, and the present suit was filed and served only a few months later in 2008, Mr. Bengis filed his Complaint well within the time provided for by the Statute of Limitations. Accordingly, Mr. Bengis' Complaint is timely, and cannot be barred by the Statute of Limitations.

## ARGUMENT

A.  A CAUSE OF ACTION DOES NOT ACCRUE AND AN ACTIONABLE INJURY HAS NOT BEEN SUFFERED, WHEN ALL OF THE FACTS NECESSARY TO THE CAUSE OF ACTION HAVE NOT YET OCCURRED AND AN INJURED PARTY CANNOT OBTAIN RELIEF IN COURT.

A plaintiff who commences an action to recover damages from an attorney's malpractice, must do so three (3) years from the accrual of the action. McKinney CPLR § 214; McCoy v. Feinman, 99 N.Y.2d 295, 301, 785 N.E.2d 714, 718, 755 N.Y.S.2d 693, 697 (Court of Appeals 2002)(citing McKinney CPLR § 214)(emphasis added). Further, the time within which a plaintiff must commence an action shall be computed from the time the cause of action accrued to the time the claim is interposed. McKinney CPLR § 203(a)). Thus, in order for a Court to properly apply the Statute of Limitations and bar a plaintiff from having his or her day in Court, it must first properly identify when plaintiff's cause of action actually accrued; not when the malpractice occurs.

"A cause of action accrues when an actionable injury has been suffered . . . that is, 'when all of the elements of the tort can be truthfully alleged in a complaint'". Konigsberg v. State of New York, 256 A.D.2d 982, 983 681 N.Y.S.2d 915, 916 (3d Dept 1998)(citing Marine Midland Bank, N.A, v. State of New York, 195 A.D.2d 871, 873, 600 N.Y.S.2d 797 ((3d Dept 1993));

page 4 - PLAINTIFF JOHN JOSEPH BENGIS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF JOHN JOSEPH BENGIS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; CASE NO. 08-CV-04237 (JSR)

Marine Midland Bank, N.A., V. State of New York, 195 A.D.2d 871, 873, 600 N.Y.S.2d 797, 799 ((3d Dept 1993)(quoting Snyder v. Town Insulation, 81 N.Y.2d 429, 432, 599 N.Y.S.2d 784, aff'g  90 Misc.2d 1057, 396 N.Y.S.2d 1002). Thus, when the tort is legal malpractice, a cause of action for legal malpractice accrues when an actionable injury has been suffered, that is when <u>all of the elements of the legal malpractice tort</u> can be truthfully alleged in a complaint.  However, all of the elements of the legal malpractice tort can be truthfully alleged in a complaint, only at the time "when all of the facts necessary to the cause of action have occurred and an injured party can obtain relief in court." McCoy, 99 N.Y. at 301,  785 N.E.2d at 718,  755 N.Y.S.2d at 697 (quoting Ackerman v. Price Waterhouse, 84 N.Y.2d 535, 541, 620 N.Y.S.2d 318, 644 N.E.2d 1009 (1994)).

However, if a cause of action accrues and an actionable injury has been suffered only at the time when all of the facts necessary to the cause of action have occurred and an injured party can obtain relief in court, *Id.*  then the converse is also true.  A cause of action does not accrue and  an actionable injury has **not**  been suffered,  when all of the facts necessary to the cause of action have **not yet**  occurred and an injured party **cannot** obtain relief in court. Kerbein v. Mark Hutchison 30 A.D.3d 730, 816 N.Y.S.2d 591 (3d Dept 2006)(court found actionable injury only when facts relating to damages, the fourth element of plaintiff's cause for legal malpractice could be pled with specificity).

> B.   A CAUSE OF ACTION FOR LEGAL MALPRACTICE CAN ACCRUE ONLY AFTER FACTS RELEVANT AND MATERIAL TO THE "DAMAGES" ELEMENT OF THE ACTION CAN BE ALLEGED TRUTHFULLY AND WITH CERTAINTY.

Before determining whether and when  all of the facts necessary to the cause of action for legal malpractice have occurred, the Court must first identify the elements of a legal malpractice action; and then determine the exact time that all of the facts necessary and relevant to the elements of the theory were met, inclusive of the element of damages. McCoy, 99 N.Y. at 301-02,  785 N.E.2d at 718-19,  755 N.Y.S.2d at 697-98.

That is exactly what happened in McCoy. First, the Court identified the elements of the legal malpractice suit. Specifically, the Court said that in order for a plaintiff to be able to obtain relief in Court for a legal malpractice suit, the plaintiff must show that (a) an attorney; (b) breached his duty to the plaintiff by failing to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; c) the attorney's breach of his professional duty caused an injury; and d) said injury caused the plaintiff's actual damages. Then, the Court looked at the facts of the case to see which of defendant attorney's negligent acts or omissions caused what injury and when the plaintiff's injury occurred sufficient so as to cause damages with certainty sufficient to trigger accrual for purposes of the Statute of Limitation. Id.

The McCoy Court found that the action accrued at the time when the attorney entered an erroneous stipulation into the Court record, and not at a later time, because the Court perceived no reason why plaintiff's damages were not sufficiently calculable to permit plaintiff to obtain prompt judicial redress of the injury caused by the entry of the stipulation, at the time of its entry. In other words, because the damages caused by the entry of the stipulation, at the time of the entry, were pre-retirement benefits that could be calculated right then and there, they were not speculative in nature. Accordingly, the time of entry of the negligent stipulation was the time when all of the facts necessary to the cause of action for legal malpractice had taken place; that is "an actionable injury" had been suffered and the cause of action had accrued.

Likewise, in Kerbein v. Mark Hutchison 30 A.D.3d 730, 816 N.Y.S.2d 591 (3d Dept 2006), the Court determined that the time the actionable injury was suffered and the cause of action for legal malpractice accrued, was the time that actual damages could be reasonably calculated, *i.e.*, a time that was later than the date of the malpractice of the defendant attorneys. First, the Court noted that the accrual date for malpractice based on erroneous tax advice has been held to be calculable from the date the taxpayer plaintiff received and relied upon such

advice, rather than when the deficiency is asserted against the taxpayer. Then, the Court held that the plaintiff suffered an "actionable injury" at the time that the damages became definite, *i.e.*, at the time plaintiff's settlement agreement became binding, because it was not until such time that plaintiff's reliance could be shown and damages could be reasonably calculated with a high degree of certainty. Id.

It is true that, in many cases applying the Statute of Limitations, the date that the attorneys' breach of duty (i.e. malpractice) occurs, is also the date that the actionable injury is suffered, *i.e.*, the date that the cause of action accrues. However, the two dates are not necessarily congruent. The only reason that there is such a congruence of such dates in most cases, is because the date the breach of duty occurs is also the date when injury and non-speculative damages have happened. See McCoy above. But, as shown by Kerbein, the date the attorneys' breach of duty occurs is not necessarily the same date the actionable injury is suffered. The actionable injury is suffered and the cause of action for legal malpractice accrues only when the damages are no longer speculative in nature, *i.e.*, they are calculable with reasonable certainty.

  C. MR. BENGIS' CAUSE OF ACTION FOR LEGAL MALPRACTICE ACCRUED IN DECEMBER 2007, ONLY AFTER FACTS RELEVANT AND MATERIAL TO THE "DAMAGES" ELEMENT OF HIS ACTION COULD BE ALLEGED TRUTHFULLY AND WITH CERTAINTY.

In order for a plaintiff to establish a *prima facie* case for legal malpractice, he or she must allege facts sufficient to support each and every element of the claim. If plaintiff fails to allege facts sufficient to support each and every element of the claim then he or she has failed to make a *prima facie* case and the case must be dismissed.

Likewise, a cause of action for legal malpractice accrues at the time "when all of the facts necessary to the cause of action have occurred and an injured party can obtain relief in court."

McCoy, 99 N.Y. at 301, 785 N.E.2d at 718, 755 N.Y.S.2d at 697 (quoting Ackerman v. Price Waterhouse, 84 N.Y.2d 535, 541, 620 N.Y.S.2d 318, 644 N.E.2d 1009 (1994)).

Accordingly, a plaintiff can establish a prima facie case for legal malpractice only at the time a cause of action for legal malpractice has actually accrued. If the cause of action for legal malpractice has not accrued, then the plaintiff will not be able to establish a prima facie case. And in order for the plaintiff to establish a prima facie case for legal malpractice **it has to assert damages that are either actual or reasonably ascertainable in nature.**

In Collard & Roe, P.C, v. Vlacancich, 6 Misc.3d 17, 789 N.Y..S. 2d 599 (2d Dept. 2004), a cause of action brought against the defendant client by its patent attorneys Collard & Roe, P.C., for fees owed, the defendant/counterclaim plaintiff alleged a cause of action for legal malpractice against plaintiff/counterclaim defendant firm Collard & Roe, P.C. The Court found that inasmuch as defendant's damages were neither actual nor ascertainable and were speculative in nature, defendant/counterclaim plaintiff had failed to make a *prima facie* case of legal malpractice and the counterclaim was dismissed. Id.

Thus, by analogy to McCoy and to Kerbein above, if the Collard & Roe defendant/counterclaim plaintiff had failed to make a prima facie case for legal malpractice because the damages were speculative, then defendant/counterclaim plaintiff's cause of action for legal malpractice in the Collard & Roe case had also yet to accrue.

Similarly, in the present matter, if Mr. Bengis had brought a cause of action any time sooner than December 2007, as for example during the time propounded by the Defendants, *i.e.*, some time between 2002 and 2005, he would have failed to make a *prima facie* case because, his damages would have been speculative in nature, at that time. Since the damages would have been speculative in nature at that time, Mr Bengis' action could not have possibly accrued at that time. Since, Mr. Bengis action could not have possibly accrued at that time, then the Statute of Limitations could not have run.

On the other hand, in December of 2007, Mr. Bengis' damages were no longer

speculative.  Accordingly, it was not until December 2007, that  Mr. Bengis' cause of action accrued and Mr. Bengis could finally establish a *prima facie* case for legal malpractice against the Defendants. It was not until December 2007, that Mr. Bengis suffered an actionable injury, *i.e.*, when Mr. Bengis could, in accordance with Konigsberg, McCoy, Kerbein, and Collard & Roe  truthfully allege all of the elements of the tort of legal malpractice against the Defendants in a complaint.  It was not until December 2007, that Mr. Bengis had all of the facts necessary to the cause of action and could  obtain relief in court.

Defendants did breach their duty to Mr. Bengis in 2000, when they failed to conduct a patent search, that was not in accordance with normal patent search procedures or in accordance with the care normally taken during the conducting of patent searches.  Likewise, Defendants did breach their duty to Mr. Bengis in 2000, when  they failed to bring the Patents to the attention of the USPTO.  But, Mr. Bengis suffered no damages at that time, or in 2002, despite defendants' breach. Particularly since  on September 17, 2002, the USPTO issued Mr. Bengis the '179 patent.

On the other hand, Mr.  Bengis did suffer actual damages, when during  the World Wide Litigation, in December 2007,  World Wide Packaging Inc. revealed, for the very first time, that the '179 patent was more likely than not  invalid and unenforceable on the basis of the Patents. Patents that had issued more than one year prior to the filing date of the '179 patent, *i.e*., July 31, 2000.  Patents that should have been brought up by Defendants' patent search, if Defendants had exercised the ordinary skill and knowledge commonly possessed by patent attorneys. Patents that should have been brought to the attention of the USPTO.

As a result, it was in December 2007, that Mr. Bengis' right to prevent others from making using or selling his invention as embodied in the '179 patent was abruptly ended.  It was in December 2007 that  Mr. Bengis suffered damages that are actual in nature and not speculative.  It was in  December 2007, that Mr. Bengis had  "all of the facts necessary to the cause of action", sufficient "to obtain relief in court"; that Mr. Bengis could truthfully allege all

of the elements of legal malpractice in his complaint; that Mr. Bengis' cause of action actually accrued.

Since Mr. Bengis' cause of action for legal malpractice against Defendants accrued in December 2007, and the present suit was filed and served in the Spring of 2008, Mr. Bengis Complaint was filed well within the three years provided by the Statute of Limitation. McKinney's CPLR § 214.  Accordingly, Mr. Bengis' present cause of action against the Defendants is timely and cannot be barred by the Statute of Limitations.

## **CONCLUSION**

On the basis of the foregoing, it is clear that Defendants are not entitled to judgement as a matter of law.

**WHEREFORE**, it is respectfully requested that Defendants' Motion for a dismissal of Mr. Bengis' Complaint be denied and for such other relief as the Court deems just and proper.

                                        Respectfully Submitted,

                                        INTELLECTULAW,
                                        THE LAW OFFICES OF P.B. TUFARIELLO, P.C.

Dated:   7/10/08                    By:    /s/ Panagiota Betty Tufariello

                                        Panagiota Betty Tufariello (PBT 3429)
                                        25 Little Harbor Road
                                        Mount Sinai, NY 11766
                                        (631) 476-8734

CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing PLAINTIFF JOHN JOSEPH BENGIS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF JOHN JOSEPH BENGIS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS together with its accompanying PLAINTIFF JOHN JOSEPH BENGIS' AFFIDAVIT IN SUPPORT OF PLAINTIFF JOHN JOSEPH BENGIS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS has been served upon the Attorneys for Defendants **RICHARD MOSS, ESQ. et. al.,** via Electronic Mail, addressed to:

Thomas H. Moreland, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

on Thursday, July 10, 2008.


                                    S/ Panagiota Betty Tufariello
                                    Panagiota Betty Tufariello, Esq.